EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
OMAR M. ANIFF, CA Bar No. 315446
omar.aniff@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGIE TECU, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGING SYSTEM, INC. d/b/a FEDEX GROUND, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-06902 JFW (SKx)<br><br>**JOINT RULE 26(f) REPORT**<br><br><br><br>Complaint Filed: July 7, 2021<br>Removal Date:   August 26, 2021<br>Trial Date:       None<br>District Judge:   Hon. John F. Walter<br>                      Courtroom 7A, First St.<br>Magistrate Judge:Hon. Steve Kim<br>                      Courtroom 540, Roybal |

48628508_1.docx

Plaintiff ANGIE TECU ("Plaintiff") and defendant FEDEX GROUND PACKAGE SYSTEM, INC. dba FEDEX GROUND ("Defendant" or "FedEx Ground") hereby submit the following Joint Report:

## 1.   THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION

On August 26, 2021, Defendant removed the action based on the Class Action Fairness Act, 28 U.S.C. §1332(d). (*See generally* Notice of Removal, ECF No. 1.)

Plaintiff is presently unaware of any issues that exist regarding personal jurisdiction or venue. Defendant has been served.

## 2.   BRIEF CHRONOLOGY OF THE FACTS AND STATEMENT OF THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Defendant employed Plaintiff as a non-exempt employee from approximately May 2020 through September 2020 at a FedEx Ground facility in California.

Plaintiff:

Plaintiff filed this class action against Defendant for violations of the Fair Credit Reporting Act as well as California's labor laws, including failure to pay all lawful wages owed, failure to provide lawful meal periods and rest breaks, failure to reimburse for business expenses, failure to provide accurate wage statements, failure to pay all wages due at separation and violations of B&P Code §§ 17200 *et seq*.

Defendant:

Defendant denies all material allegations in Plaintiff's Complaint. It is Defendant's position that, during the class period, Plaintiff and all putative class members: (1) received proper regular and overtime payment for all hours worked; (2) were properly provided with and authorized to take legally compliant meal and rest periods; (3) were reimbursed for any necessary expenditures or losses incurred in direct consequence of the discharge of employment duties, if any; (4) received compliant and accurate wage statements; and (5) were fully paid all wages due and owing to them at termination.  Defendant also maintains that any forms it employed

fully complied with the requirements of the Fair Credit Reporting Act.  As such, Defendant contends that Plaintiff cannot prevail on any of her individual claims and cannot properly represent a putative class of current and/or former employees of Defendant.  Defendant further contends that neither Plaintiff nor those she seeks to represent suffered any damages

Defendant further denies that this matter is appropriate as a class action, that the claims are amenable to class certification, and that the case is proper for treatment as a representative action. Defendant further avers that Plaintiff is not similarly situated to other people who worked in her same location, let alone the thousands of proposed class members who performed different duties, reported to different managers, worked in different locations, and/or worked for Defendant during different time periods.

On December 20, 2019, Judge Chhabria approved a class action settlement in a case titled *Steven Hernandez v. FedEx Ground Package System, Inc.*, Case Number 3:17-cv-02074-VC, which included a release of claims asserted in this case from December 16, 2012 through March 5, 2019.  Thus, the relevant time period for this action begins on March 6, 2019.

### 3.    BRIEF STATEMENT OF THE DISPUTED POINTS OF LAW

Disputed points of law include: (i) whether Defendant violated the Fair Credit Reporting Act by failing to make proper disclosures in violation of 15 U.S.C. Section 1681(b)(2)(A)(i); (ii) whether Defendant violated the Fair Credit Reporting Act by failing to obtain proper authorization in violation of 15 U.S.C. Section 1681(b)(2)(A)(ii); (iii) whether Defendant failed to pay all wages owed during employment including overtime in violation of California Labor Code Sections 510, 558, and 1194; (iv) whether Defendant failed to properly provide meal and rest periods in violation of California Labor Code Section 226.7; (v) whether Defendant failed to properly reimburse certain business expenses in violation of California Labor Code Section 2802; (vi) whether Defendant failed to timely pay wages during in violation of California Labor Code Sections 201-202; (vii) whether Defendant failed to provide

accurate, itemized wage statements, in violation of California Labor Code Section 226(a); (viii) whether Defendant violated Business and Professions Code Sections 17200 *et seq*. (i) whether Defendant violated Labor Code sections 1194 and 1197 by not paying employees' wages at a minimum wage rate for all time that Plaintiff and similarly situated warehouse employees were subject to Defendant's control but (ix) whether Plaintiff and similarly situated warehouse employees are entitled to unpaid wages, penalties and other relief pursuant to their claims; (x) whether, as a consequence of Defendant's unlawful conduct, Plaintiff and similarly situated warehouse employees are entitled to restitution, and/or equitable relief; and (xi) whether Defendant's affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to similarly situated warehouse employees as a whole.

Defendant's Further Position of Disputed Points of Law

a)      Whether the matter is related to and/or should be coordinated with any other pending action(s);

b)      Whether common issues of law or fact predominate the claims of Plaintiff and the putative class;

c)      Whether the putative class is sufficiently numerous;

d)      Whether Plaintiff is similarly situated as the putative class;

e)      Whether Plaintiff and/or her counsel are adequate representatives.

**4.     ALL PRIOR AND PENDING MOTIONS, THEIR CURRENT STATUS, AND ANY ANTICIPATED MOTIONS**

There are no prior or pending motions.

Aside from any potentially necessary discovery-related motions, Plaintiff anticipates that the next major motion Plaintiff will file is a Motion for Class Certification.   Plaintiff intends to move for class certification once discovery pertaining to the class is completed, approximately 9 – 12 months from the 26(f) conference. Plaintiff respectfully requests the Court set a hearing for class certification in or around July 2022.

Defendant reserves the right to file the following motions: (1) a motion for judgment on the pleadings; (2) for full or partial summary judgment; (3) to file a motion to coordinate; (4) to affirmatively preclude certification or to decertify the class should a class be certified; (5) to seek a protective order regarding discovery that is beyond the proper scope of this action or is relating to claims that lack a good faith, non-speculative basis in fact; (6) to bifurcate the trial of the liability and damages issues and/or for a bench trial on Plaintiff's equitable claims under Business & Professions Code § 17200 et seq.; and (7) to seek a protective order regarding any discovery that is duplicative of discovery sought in potentially related matters on behalf of an overlapping group of putative class members.

**5.    THE EXTENT TO WHICH PARTIES, CLAIMS, OR DEFENSES ARE EXPECTED TO BE ADDED OR DISMISSED AND A PROPOSED DEADLINE FOR AMENDING THE PLEADINGS**

Plaintiff does not anticipate adding or dismissing any parties or claims.  The Parties jointly propose a deadline of 120 days from the Case Management Conference for amendment of pleadings.

**6.    WHETHER THERE HAS BEEN FULL AND TIMELY COMPLIANCE WITH THE INITIAL DISCLOSURE REQUIREMENTS OF RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND A DESCRIPTION OF THE DISCLOSURES MADE**

The Parties anticipate production of initial disclosures on or before October 4, 2021.

**7.    DISCOVERY TAKEN TO DATE, THE SCOPE OF ANTICIPATED DISCOVERY, ANY PROPOSED LIMITATIONS OR MODIFICATIONS OF THE DISCOVERY RULES, AND A PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

No discovery has been taken to date.

Plaintiff:

Plaintiff intends to serve written discovery on Defendant seeking the identity and contact information of putative class members, putative class members' pay and punch data, and all documents, including correspondence, pertaining or relating to the following: the identity of additional percipient witnesses, warehouse layout/blueprints, security check policies, timekeeping policies, attendance policies, shifts, schedules, etc., during the relevant time period. Plaintiff also intends to conduct discovery regarding Defendant's policies and procedures related to its background checks of putative class members, including discovery regarding disclosures and authorizations made by Defendant, if any.

Following written discovery, Plaintiff intends to the take the deposition of Defendant's person most qualified to testify regarding the claims at issue in the Complaint and Defendant's defenses thereto.

Finally, Plaintiff anticipates the need to call expert witnesses at the time of trial in this matter and propose the timing for disclosure of expert witnesses and information required by Rule 26(a)(2), as set forth in the Proposed Dates below.

Plaintiff's Proposed Discovery Plan Pursuant to FRCP Rule 26(f):

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

• No changes are necessary. Plaintiff anticipates making initial disclosures by October 4, 2021.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

• Plaintiff intends to take discovery regarding the subjects listed in Section 7 above. The completion date of discovery largely depends on whether the Court intends to phase discovery or not.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

• Plaintiff does not anticipate any issues regarding the discovery of ESI.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

• Plaintiff does not anticipate any issues regarding privilege or protection as trial-preparation materials.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

• None from Plaintiff's perspective.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

• None from Plaintiff's perspective.

<u>Defendant</u>:

Defendant proposes discovery should be conducted in three phases. To avoid a pure fishing expedition, Phase 1 discovery should be limited to the specific policies and practices that Plaintiff in good faith, alleges to be unlawful and common to the putative class members – *i.e.*, alleged security screening practices and its alleged impact upon meal and rest breaks or supposedly deficient disclosures under the Fair Credit Reporting Act – and the purported damages suffered therefrom. Phase 2 discovery would relate to a broader range of class certification issues specific to any legitimate, non-speculative policies or practices common to the putative class members and damages. Phase 2 discovery will also relate to whether class certification is appropriate. If no class is certified, then no further discovery will likely be necessary. If a class is certified, then Phase 3 will include discovery concerning (a) / / /

the individual class members, including any alleged damages; and (b) the merits of the claims brought on behalf of the class.

It is likely that discovery in this case may require disclosure of certain confidential, private, or trade secret information.  Consequently, Defendant proposes a stipulated protective order to submit for Court approval.

**8.     ANY RELATED CASES OR PROCEEDINGS PENDING BEFORE ANOTHER JUDGE OF THIS COURT, OR BEFORE ANOTHER COURT OR ADMINISTRATIVE BODY**

Two other matters against FedEx Ground are pending in this Court: (1) *Cuadra v. FedEx Ground Package System, Inc.*, Case No. 2:20-cv-10719-JFW-SK; and (2) *Graef v. FedEx Ground Package System, Inc.*, Case No. 2:20-cv-07456-JFW-SK. Defendant is separately filing a Notice of Related Case and Pendency of Other Actions that provides further details on these and other pending matters against FedEx Ground.

Any other related cases or proceedings pending before another judge of this Court or before another Court or administrative body are presently unknown to Plaintiff.

**9.     ALL RELIEF SOUGHT BY THE COMPLAINT OR COUNTERCLAIM, INCLUDING THE AMOUNT OF ANY DAMAGES SOUGHT AND A DESCRIPTION OF THE BASES ON WHICH DAMAGES ARE CALCULATED, AND FROM ANY PARTY TO WHOM DAMAGES ARE SOUGHT, A DESCRIPTION OF THE BASES ON WHICH IT CONTENDS DAMAGES SHOULD BE CALCULATED IF LIABILITY IS ESTABLISHED**

Plaintiff:

As noted above, Plaintiff is without discovery sufficient to provide a good faith estimate regarding the value of the case coupled with the fact that a Motion for Class Certification has not yet been granted, which ultimately may limit the prospective class. As such, there are too many variables at this time to provide a good faith estimate regarding this case's value.

Defendant:

Defendant requests that Plaintiff take nothing by way of her Complaint, either on behalf of herself or others she purports to represent; that the Complaint be dismissed in its entirety with prejudice; that the Court enter judgment for Defendant and against Plaintiff on all alleged claims; that the Court grant Defendant its costs and attorneys' fees; that class certification be denied; and that the Court grant Defendant such other and further relief that the Court deems just and proper.

**10. WHETHER EACH PARTY HAS FILED THE "CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS" REQUIRED BY THE LOCAL RULES AND RESTATEMENT OF THE CONTENTS OF THE CERTIFICATIONS**

Plaintiff:

Plaintiff's Certification of Interested Parties will have been filed by the time of the Scheduling Conference.

Defendant:

Defendant filed a Certification of Interested Parties and Disclosure Statement on August 26, 2021. (ECF No. 3.) The disclosures are restated as follows:

1. Plaintiff Angie Tecu a party to this litigation;

2. Defendant FedEx Ground Package System, Inc., a party to this litigation. FedEx Ground is a wholly-owned subsidiary of FedEx Corporation, its parent, which is publicly traded under the NYSE ticker symbol, FDX.  No other publicly-held company owns ten or more percent of FedEx Ground's stock.

3. The law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

4. The law firm of James Hawkins, APLC.  The entity that represents Plaintiff in this action.

/ / /

/ / /

/ / /

**11.   APPROPRIATE LAST DATE FOR THE COMPLETION OF DISCOVERY AND THE HEARING OF MOTIONS, A DATE FOR A FINAL PRETRIAL CONFERENCE AND A TIME REQUIRED FOR TRIAL**

<u>Plaintiff's Proposed Dates</u>:

Plaintiff proposes postponing any pre-trial until after the Court has made a ruling as to class certification. Nevertheless, Plaintiff proposes the following pretrial schedule:

- Hearing on dispositive motions: Approximately 130 days before trial;
- Designation of experts:  70 days before trial;
- Supplemental disclosure of experts:  50 days before trial;
- Close of expert discovery:  30 days before trial;
- Pretrial Conference:  Date to be set by Court;
- Trial:  Mid-2023.

<u>Defendant's Proposed Dates</u>:

Defendant proposes that fact discovery conclude within five months of the Court's ruling on the motion for class certification; expert disclosures shall be served within 30 days after the conclusion of fact discovery, with rebuttal disclosures to occur within 21 days after initial expert disclosures; the last day for hearing of dispositive motions be 60 days before the trial date; and a trial date within seven months of the Court's ruling on the motion for class certification.  Because Defendant proposes that any motion for class certification be resolved by July 2022, Defendant respectfully submits that a trial date in mid-2023 is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**12.   WHETHER THE CASE WILL BE TRIED TO A JURY OR TO THE COURT AND A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

<u>Plaintiff</u>:

Plaintiff's Complaint included a demand for jury trial. Plaintiff anticipates that the class action trial of this matter will take approximately fifteen (15) days. The length of trial may be adjusted upon resolution of Plaintiff's Motion for Class Certification.

<u>Defendant</u>:

If a class is not certified, Defendant anticipates that trial in this matter will last approximately three (3) court days.  If a class is certified, Defendant anticipates that any trial will last considerably longer.

**13.   EFFORTS MADE TO SETTLE OR RESOLVE THE CASE TO DATE AND THE PARTIES' VIEWS AS TO AN APPROPRIATE PLAN FOR MAXIMIZING SETTLEMENT PROSPECTS**

The Parties have met and conferred regarding ADR.  The parties are discussing the possibility of participating in private mediation with an experienced wage-and-hour class action mediator.

**14.   WHETHER THE CASE IS COMPLEX OR REQUIRES REFERENCE TO THE PROCEDURES SET FORTH IN THE MANUAL FOR COMPLEX LITIGATION**

This is a complex case.

**15.   WHAT MOTIONS THE PARTIES ARE LIKELY TO MAKE THAT MAY BE DISPOSITIVE OR PARTIALLY DISPOSITIVE**

Defendant reserves the right to file a dispositive motion and motion for judgment on the pleadings as applicable. While Plaintiff proposes that the Motion for Class Certification should be set for hearing thereafter.

/ / /

/ / /

**16.    ANY UNUSUAL LEGAL ISSUES PRESENTED BY THE CASE**

The Parties are currently unaware of any unusual legal issues presented by the case.

**17.    PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

The Parties presently have no proposals regarding severance, bifurcation or other ordering of proof.  Defendant reserves the right to bifurcate the trial of the liability and damages issues and/or for a bench trial on Plaintiff's equitable claims under Business & Professions Code § 17200 *et seq*.

**18.    CONFIRMATION THAT LEAD TRIAL COUNSEL ARE REGISTERED ECF USERS AND THEIR EMAIL ADDRESSES OF RECORD**

Plaintiff:

Lead trial counsel for Plaintiff will be James Hawkins.  Plaintiff intends to file a declaration of lead trial counsel shortly.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

<u>Defendant</u>:

2

Defendant's lead trial counsel is Evan R. Moses, who is a registered ECF user

3

with the address: evan.moses@ogletree.com. (ECF No. 12)

4

5

Dated: September 20, 2021            JAMES HAWKINS APLC

6

7

By:    /s/ Samantha A. Smith_____
James R. Hawkins

8

Samantha A. Smith
Erica T. Khaine

9

Attorneys for Plaintiff,

10

ANGIE TECU

11

12

DATED:  September 20, 2021            OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

13

14

15

By:  /s/ Alexander M. Chemers_____
Evan R. Moses

16

Alexander M. Chemers
Omar M. Aniff
Rabia Z. Reed

17

18

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM,
INC.

19

20

48628508.1

21

22

23

24

25

26

27

28